IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Steve Levine, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:09-1737-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 of the District of South Carolina.¹ Steve Levine ("Levine") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act. In her Report and Recommendation, Magistrate Judge Gossett recommends affirming the Commissioner's decision to deny Levine benefits. For the reasons stated below, the court reverses and remands this case to the Commissioner for further proceedings.

---

¹ The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are fully set forth in the decision of the administrative law judge ("ALJ") (R. at 13-24.), and summarized as follows. At the time of the hearing before the ALJ, Levine was a fifty-two-year-old man with five years of college education. (Id. at 90, 108.) His past employment includes working as a technical customer service representative, research interviewer, account manager, process server, field enumeration manager, maintenance worker, and laborer. (Id. at 85.) He alleges disability since September 30, 2002, due to essential tremor, depressive disorder, and generalized anxiety disorder. (Id. at 84.)

On April 27, 2005, Levine filed an application for DIB and SSI. (Id. at 13.) The application was denied initially and on reconsideration. On January 14, 2009, after a hearing on August 19, 2008, the ALJ found that Levine was not disabled because he could perform his past work as a tent laborer, park maintenance worker, and delivery truck driver. (R. at 24.) The ALJ made the following findings and conclusions:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since September 30, 2002, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

\* \* \*

3. The claimant has the following severe impairments: dysthymia, generalized anxiety disorder, and dependent personality disorder with schizoid tendencies (20 CFR 404.1521 et seq. and 416.921 et seq.). The claimant drank heavily in the past, by his own admission, but denies current use.

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he can carry out tasks in situations where duties are relatively static and changes can be explained. I also find that he can perform tasks which do not require complicated independent prioritization or more than daily planning, and he can carry out multi-step tasks, but with reduced stress tolerance.

\* \* \*

6. The claimant is capable of performing past relevant work as a tent laborer, park maintenance worker, and delivery truck driver (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 30, 2002 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Id. at 15-24.) On April 24, 2009, the Appeals Council denied Levine's request for review. (Id. at 5.) Levine filed the instant action on June 29, 2009.

## II. THE MAGISTRATE JUDGE'S REPORT

Levine contends that the ALJ erred in (1) failing to properly assess Levine's mental impairments, and (2) failing to properly evaluate Levine's residual functional capacity ("RFC"). The magistrate judge found Levine's arguments to be without merit and recommended that the court affirm the Commissioner's decision denying Levine benefits. (Report and Recommendation, generally.) The magistrate judge concluded that in evaluating Levine's

3

mental impairments, the "ALJ's opinion does not contain inconsistent or contradictory findings as alleged by" Levine. (Id. at 5.) Further, the magistrate judge found that the RFC findings were supported by substantial evidence and the ALJ properly considered Dr. James N. Ruffing's ("Dr. Ruffing") opinion. (Id. at 10-14.)

### III. Discussion of the Law

#### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal quotation marks omitted). Hence, if the Commissioner's finding is supported by substantial evidence, the court should uphold the finding even if the court disagrees with it. See id. However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

#### B. Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Levine filed objections to the magistrate judge's Report and Recommendation. First, Levine objects to the magistrate judge's determination arguing that the magistrate judge (1) improperly considered the state agency assessments, (2) failed to "take into consideration the requirement for the ALJ to consider both the evidence supporting and opposing the Commissioner's position" regarding Levine's social functioning findings, (3) failed to properly evaluate the RFC findings in light of SSR 96-8p, and (4) the ALJ improperly rejected Dr. Ruffing's assessment. (Objections, generally.)

**1. State Agency Assessments**

Levine objects to the magistrate judge's conclusion that the ALJ properly considered the state agency assessments. (Id. 1-6.) The magistrate judge noted that "[c]onsidering the ALJ's opinion in its entirety, the court finds that it is very comprehensive and detailed. Each finding by the ALJ includes her rationale for reaching that finding." (Report and Recommendation 6-7.) Although the ALJ's opinion was very detailed and thorough, the ALJ was required to weigh the state agency determination as a non-examining expert source under SSR 96-6p, and failed to do so. In evaluating Levine's claim for disability, the ALJ must consider all of the evidence in the record and follow the sequential five-step evaluation process set forth in 20 C.F.R. § 416.920(a). After proceeding through four steps, the ALJ in this case concluded that Levine was able to perform his past work.

"The Fourth Circuit has opined that the testimony of a non-examining, non-treating physician should be discounted, especially when contradicted by other evidence in the record." Milbourne v. Astrue, Civil No. SKG-08-3359, 2009 WL 3247846, at *5 (D. Md. Oct. 7, 2009). The "administrative law judges . . . are not bound by findings made by State agency or other

program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. However, "[s]tate agency medical . . . consultants and other program physicians . . . are highly qualified physicians . . . who are also experts in Social Security disability evaluation. Therefore, administrative law judges, must consider findings of State agency medical . . . consultants . . . or other program physicians . . . as opinion evidence." 20 C.F.R. § 404.1527(f)(2)(i); 20 C.F.R. 416.927(f)(2)(i). The court finds that the ALJ erred, as a matter of law, by failing to articulate her reasons for rejecting the more restrictive state agency opinions. The ALJ must explain the weight given to the opinion of a state agency medical consultant. The ALJ's failure to do so cannot be deemed harmless because a remand in this case might lead to a different result.

Having found that the ALJ's decision must be reversed and remanded to allow proper consideration of the state agency opinions, the court declines to address Levine's additional objections regarding the social functioning findings and the residual functional capacity because reconsideration of the state agency opinions will also require reconsideration of the ALJ's social functioning findings and determination of Levine's residual functional capacity. The weight afforded the state agency opinions could affect the ALJ's findings with respect to Levine's social functioning abilities and RFC.

In addition, Levine objects that the ALJ failed to properly consider Dr. Ruffing's opinions. (Objections 10-13.) Dr. Ruffing performed a consultative examination of Levin at the request of Levine's counsel. Dr. Ruffing's findings were more restrictive than those found by the ALJ and the state agency assessments. As noted above, "the testimony of a non-examining, non-treating physician should be discounted, especially when contradicted by other evidence in

the record." Milbourne, 2009 WL 3247846 at *5; Kyle v. Cohen, 449 F.2d 489, 491 (4th Cir. 1971). The ALJ found Dr. Ruffing's opinion "starkly contrasted by the remainder of the record." (R. at 21.) Further, the ALJ specifically cited numerous examples of evidence from the record that undermine Dr. Ruffing's opinion. After review of the record, substantial evidence supports the ALJ's decision to reject Dr. Ruffing's opinion. Levine cites examples from the record that would support Dr. Ruffing's opinion. However, the court cannot re-weigh conflicting evidence. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Based on the foregoing, the court is constrained to remand this matter for further proceedings. The court adopts the Report and Recommendation to the extent it is consistent with this order.

Therefore, it is

**ORDERED** that the decision of the Commissioner is reversed and this case is remanded to the ALJ for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
June 11, 2010