IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Steve Levine, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:09-1737-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d). Steve Levine ("Levine") seeks attorney fees for services rendered in the above-captioned social security action in the amount of Six Thousand Seven Hundred Twenty-Eight Dollars and Seventy-Five Cents ($6,728.75). The Commissioner of Social Security ("Commissioner") objects to the request for attorney fees.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). "In order to defeat an award, the government must show that its case had a reasonable basis both in law and fact." Id. (internal quotation marks omitted). "Substantially justified" means "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person."

1

Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Hence, the "substantially justified" standard is "satisfied if there is a genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action." Id. (internal quotation marks and citations omitted).

After review of the record, the court finds that the Commissioner's decision was substantially justified because reasonable minds could differ as to the appropriate outcome in this action. Upon thoroughly reviewing the record in this case, United States Magistrate Judge Paige J. Gossett recommended affirming the Commissioner's denial of Levine's application for disability insurance benefits. However, in an order dated June 11, 2010, this court remanded the case finding that the "ALJ erred, as a matter of law, by failing to articulate her reasons for rejecting the more restrictive state agency opinions. The ALJ must explain the weight given to the opinion of a state agency medical consultant. The ALJ's failure to do so cannot be deemed harmless because a remand in this case might lead to a different result." (Order 6.) However, the court found that the ALJ properly considered Dr. James Ruffing's opinion. (Id. 6-7.) Further, the court declined to consider Levine's other arguments.

According to the magistrate judge, the ALJ's determination was supported by substantial evidence. Magistrate Judge Gossett concluded that

> [c]onsidering the ALJ's opinion in its entirety, the court finds that it is very comprehensive and detailed. Each finding made by the ALJ includes her rationale for reaching that finding. For example, the ALJ found no evidence of any episodes of decompensation of any significant duration. She concluded that Levine had experienced no such episodes because Levine's testimony at the hearing contradicted the medical record. During the hearing the ALJ questioned Levine concerning notes in his medical records stating that he represented to doctors that he had been psychiatrically hospitalized. Levine responded that these notations had been a misunderstanding and that he had never been hospitalized. Thus, the ALJ implicitly rejected Dr. Demuth's estimate that Levine would

2

experience one or two episodes of decompensation of extended duration per year in light of Levine's testimony.

(Report and Recommendation 6-7.)

By contrast, this court determined that the ALJ's assessment was inadequate because although "administrative law judges . . . are not bound by findings made by State agency or other program physicians and psychologists, . . . they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. The ALJ did not explain the weight given to the opinions. As such, the court was unable to determine whether the ALJ properly considered the state agency opinions. However, the Government raised a genuine dispute in arguing that the ALJ had properly considered the state agency opinions given the thoroughness of the ALJ's decision.

Based on the foregoing, reasonable minds disagreed about the Commissioner's final decision. As such, the court concludes that the Government's position was substantially justified and denies Levine's motion for attorney's fees pursuant to the EAJA.

It is therefore

**ORDERED** that Levine's motion for attorney's fees under the EAJA, docket number 20, is denied.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          Senior United States District Judge

Greenville, South Carolina
September 3, 2010